**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1177-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CASCHE ALFORD,

    Defendant-Appellant.

_____

Submitted May 28, 2026 – Decided July 27, 2026

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 16-07-2163, 16-08-2330 and 16-08-2344.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAuley, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Casche Alford appeals from a November 20, 2024 order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2016, a Camden County grand jury returned three indictments against defendant. Indictment No. 16-07-2163 charged defendant with murder, N.J.S.A. 2C:11-3(a)(1); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1). Indictment No. 16-08-2344 charged first-degree robbery, N.J.S.A. 2C:15-1(a)(1); second-degree weapons offenses, N.J.S.A. 2C:39-5(b)(1) and 2C:39-4(a)(1); and second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(1) and 2C:15-1(a)(1). Indictment No. 16-08-2330 charged first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and 2C:11-3(a)(1); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); and related weapons offenses, N.J.S.A. 2C:39-4(a)(l) and 2C:39-5(b)(1).

In November 2016, pursuant to a negotiated plea agreement resolving all three indictments, defendant pleaded guilty to an amended count of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as to Indictment No. 16-07-2163; second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(1), as to

2

Indictment No. 16-08-2344; and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), as to Indictment No. 16-08-2330. The State recommended that all sentences run concurrently for an aggregate sentence of thirty years with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. In January 2017, the court sentenced defendant pursuant to the plea agreement and dismissed all remaining counts.

Defendant did not directly appeal within forty-five days. In August 2017, she filed a self-represented PCR petition alleging counsel failed to file an appeal. By consent order, the petition was withdrawn to permit her to proceed with a direct appeal. We affirmed the sentence on a sentence oral argument calendar. State v. Alford, No. A-5370-17 (App. Div. Dec. 3, 2018). The Supreme Court denied certification. State v. Alford, 236 N.J. 608 (2019).

In May 2019, defendant filed a self-represented PCR petition (PCR I), alleging ineffective assistance of counsel at sentencing for failing to argue mitigating factor four based on her mental health history. The Law Division denied relief on September 23, 2020. We affirmed, State v. Alford, No. A-2251-20 (App. Div. April 25, 2022), and the Supreme Court denied certification, State v. Alford, 252 N.J. 168 (2022).

A-1177-24

On April 25, 2022, defendant filed a second self-represented PCR petition (PCR II), supported by an amended verified petition, certification, and medical records. She alleged PCR I counsel was ineffective for failing to obtain and present medical records to support her ineffective assistance of trial counsel claim for not arguing mitigating factor four. On November 20, 2024, Judge Yolanda C. Rodriguez denied PCR II as time-barred, procedurally barred, and lacking merit.

On appeal, defendant raises two arguments.

POINT I

PCR I COUNSEL RENDERED PRIMA FACIE INEFFECTIVE ASSISTANCE BY FAILING TO PRESENT MEDICAL RECORDS TO SUPPORT A CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING FOR FAILING TO ADVOCATE FOR A FINDING OF MITIGATING FACTOR FOUR DUE TO DEFENDANT'S MENTAL HEALTH HISTORY; AS A RESULT, [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING.

POINT II

THE PCR COURT ERRED IN FINDING THIS CLAIM PROCEDURALLY BARRED AND TIME-BARRED.

A-1177-24

## II.

"We review the legal conclusions of a PCR court de novo." State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024) (citing State v. Harris, 181 N.J. 391, 419 (2004)). Additionally, "we use a de novo standard of review when a PCR court does not conduct an evidentiary hearing." Ibid. (citing State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016)).

Rule 3:22-12(a)(2)(C) provides, in pertinent part, that "no second or subsequent petition shall be filed more than one year after the . . . date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged." A PCR petition filed more than one year after denial of a prior PCR is time-barred unless the delay was due to excusable neglect and enforcement of the time bar would result in a fundamental injustice. R. 3:22-12(a)(2)(C). Rule 3:22-5 bars adjudication of a PCR issue that is identical or substantially equivalent to an issue previously resolved on the merits. State v. Afanador, 151 N.J. 41, 51-52 (1997).

When considering whether to relax the time period under Rule 3:22-12, we "consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been

an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting Afanador, 151 N.J. at 52). Ignorance of legal principles or court rules does not constitute excusable neglect. See State v. Cummings, 321 N.J. Super. 154, 166 (App. Div. 1999) (finding the petitioner's inability to understand legal principles did not constitute excusable neglect under Rule 3:22-12); State v. Dillard, 208 N.J. Super. 722, 728 (App. Div. 1986) (rejecting the defendant's argument that lack of familiarity with Rule 3:22-12 constituted excusable neglect).

Here, defendant's PCR II petition was filed on April 25, 2022, more than one year after the denial of PCR I on September 23, 2020. Defendant does not allege facts showing excusable neglect for the delay. Moreover, defendant's presentence report reflects she was subject to psychiatric evaluations undertaken in connection with disposition of adjudicated juvenile infractions in 2012 and 2013. Thus, the record demonstrates defendant was aware of the factual predicate for her claim—her mental health history and the existence of medical records—at the time of sentencing and her first PCR. We discern no error with the PCR II court's finding that defendant's petition is time-barred. Defendant's ignorance of the law or rules does not constitute excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000). Neither does the record support a finding

that enforcement of the time bar would result in a fundamental injustice. Norman, 405 N.J. Super. at 159.

We are satisfied the PCR II court correctly applied Rule 3:22-5. The record demonstrates the issue of trial counsel's alleged failure to argue mitigating factor four based on mental health was raised and adjudicated in PCR I and on direct appeal. "[D]efendant simply fails to make a connection as to how additional arguments advocating for mitigating factor four would have resulted in any impact on the already-favorable sentence." Alford, No. A-2251-20 (slip op. at 7) (internal quotation marks omitted).[1] The same claim, now recast as ineffective assistance of PCR I counsel for failing to obtain medical records, is substantially equivalent and thus procedurally barred. Afanador, 151 N.J. at 52.

For the sake of completeness, we briefly address the merits of defendant's claims. To establish ineffective assistance of counsel, a defendant must show counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). A defendant must show a reasonable

---

[1] We cite to our prior unpublished opinion concerning PCR I pursuant to the exception of Rule 1:36-3.

probability that, but for counsel's errors, the result would have been different. Strickland, 466 U.S. at 687. To warrant an evidentiary hearing, a defendant must demonstrate a reasonable likelihood that her claim, viewing the facts in the light most favorable to her, will ultimately succeed on the merits. State v. Preciose, 129 N.J. 451, 462 (1992); R. 3:22-10(b).

Defendant argues PCR I counsel was ineffective for failing to obtain and present medical records to support a claim that trial counsel was ineffective at sentencing for not arguing mitigating factor four. The record shows, however, that PCR I counsel argued trial counsel failed to present mitigating factor four based on defendant's mental health history, as noted in the presentence report. The PCR I court found, and we affirmed, that defendant failed to show how additional evidence would have changed the sentence imposed.

Judge Rodriguez further found the sentencing judge was aware of defendant's youth and mental health history, referencing the presentence report and the fact that defendant was sentenced to a juvenile facility until age twenty-five. We are also satisfied, as Judge Rodriguez determined, that defendant's claim that PCR I counsel was ineffective for failing to obtain medical records does not establish prejudice. The medical records submitted in PCR II, while documenting a history of mental health treatment, do not demonstrate a

A-1177-24

reasonable probability that defendant's sentence would have been different, given the court's aggravating-factor findings and the nature of the offenses.

Regarding absence of prejudice, we share Judge Rodriguez's assessment:

> As this record clearly demonstrates, defendant does not and cannot establish that [defense] counsel was deficient or that [defendant] was prejudiced. PCR counsel actually did argue that defendant's mental health history and youth should have been considered as a mitigating factor. The PCR [I] court considered these arguments . . . but concluded defendant failed to establish a prima facie claim of ineffective assistance of counsel on these grounds. It was appealed, and the Appellate Division reviewed defendant's arguments on appeal and affirmed. . . .

In sum, defendant's PCR II petition was untimely and procedurally barred. Even if considered on the merits, defendant failed to establish a prima facie case of ineffective assistance of counsel. Accordingly, the PCR court properly denied the petition without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9

A-1177-24